FILED

2015 Aug-21  AM 10:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| FERNANDO MARTINEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No.: 4:14-cv-01004-AKK-SGC |
| | ) |
| SCOTT HASSELL, et al., | ) |
| | ) |
| Respondents. | ) |

## <u>MEMORANDUM OPINION</u>

This is an action on a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 1) in which the petitioner, Fernando Martinez, proceeding *pro se*, has sought to challenge his continued detention pending removal pursuant to the Immigration and Nationality Act. *See generally, Zadvydas v. Davis*, 533 U.S. 678 (2001). On August 18, 2015, the respondents filed a motion to dismiss this action as moot on the grounds the petitioner has been removed from the United States. (Doc. 10). The motion is supported by an attached declaration of the Supervisory Detention and Deportation Officer of the U.S. Immigration and Customs Enforcement facility in Gadsden, Alabama, stating that the petitioner was deported to El Salvador on July 31, 2015. (Doc. 10-1).

Because the petitioner has been removed, the court can no longer provide meaningful relief, and the petition for a writ of habeas corpus is moot. *See Nyaga*

*v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) ("[A] case must be dismissed as moot if the court can no longer provide 'meaningful relief.'"); *see also Spencer v. Kemna*, 423 U.S. 1, 8 (1998) (once habeas petitioner is released from custody, he must demonstrate collateral consequences to avoid mootness doctrine). Accordingly, the motion to dismiss (Doc. 10) is due to be **GRANTED**, and this action is due to be **DISMISSED**.  A separate final judgment will be entered.

      **DONE** the 21st day of August, 2015.

                                        **ABDUL K. KALLON**
                                UNITED STATES DISTRICT JUDGE